# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL PAPPA, | |
| Plaintiffs, | NO. 3:07-CV-0708 |
| v. | (JUDGE CAPUTO) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, INTERNATIONAL CLAIMS SPECIALISTS, INC., EXAMINATION MANAGEMENT SERVICES, INC., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's motion to deny or postpone consideration of Defendants' motion for summary judgment until after discovery pursuant to Federal Rule of Civil Procedure 56(f). (Doc. 13). This motion was filed in response to the Defendants' motion to dismiss, or in the alternative, for summary judgment. (Docs. 8, 9.) The Plaintiff filed her original Complaint in the Court of Common Pleas of Lackawanna County. (Doc. 2 Ex. A.) Defendants removed the case to the Middle District of Pennsylvania on April 16, 2007 (Doc. 1-1.) Defendants filed their motions to dismiss, or in the alternative, for summary judgment on May 8, 2007. (Docs. 8, 9.) Plaintiff filed the present motion to deny or postpone summary judgment as premature on May 15, 2007. The motion is fully briefed and ripe for disposition.

Rule 56(f) provides "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may

order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." FED. R. CIV. P. 56(f).

In filing a motion pursuant to Rule 56(f), the moving party must accompany the motion with a supporting affidavit stating "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 255 n.3 (3d Cir. 2007) (quoting *Dowling v. City of Philadelphia,* 855 F.2d 136, 140 (3d Cir. 1988)). In *Doe*, the plaintiffs argued that the motion was premature because the plaintiffs did not have the opportunity to conduct full and fair discovery, and they listed six topics on which discovery was necessary.

"[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" *Id.* at 256 (quoting *Dowling*, 855 F.2d at 139). Furthermore, the Third Circuit Court of Appeals noted that district courts usually grant properly filed Rule 56(f) motions as a matter of course, particularly when there are outstanding discovery requests or when relevant facts are within the control of the moving party. *Id.* (quoting *St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)). The *Doe* court started that, "[i]f discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Id.* (citing *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845-46 (3d Cir. 1992)). The court held that it is "improper" for a court to rule on a summary judgment motion without first ruling on the pending Rule 56(f) motion. *Id.*

Plaintiff has submitted an Affidavit (Doc. 13-2) stating that no answer has been

filed and no post-complaint discovery has taken place, nor have any documents been exchanged.  (Gallacher Aff. ¶ 4, Doc. 13-2.)  Only three (3) limited pre-complaint depositions were taken and only two (2) subpoenas were served.  (*Id.* ¶ 5.)  Plaintiff's counsel affirms that representatives of the party Defendants need to be deposed and documents need to be reviewed.  (*Id.* ¶ 7.)  Topics for discovery include the extent of the alleged conspiracy; the circumstances of the alleged destruction of the videotape; and the circumstances regarding the termination of Plaintiff's disability, as well as the termination of benefits of other claimants.  (*Id.*)  Plaintiff's counsel further affirms that until the receipt of Defendants' paper discovery, the Plaintiff does not know all witnesses who will need to be deposed.  (*Id.*)  The Plaintiff's claims involve RICO and RICO conspiracy claims, which are complex and will require extensive discovery.  (*Id.* ¶ 8.)  Plaintiff's counsel notes that most of the necessary witnesses are under control of the Defendants, and therefore cannot be questioned except by deposition with defense counsel present.  (*Id.* ¶ 9.)

      The Plaintiff has adequately supported its motion to postpone the Defendants' motion for summary judgment.  The majority of the relevant witnesses and documentation are within the control of the Defendants.  Furthermore, no discovery has taken place at this time.  Although some pre-complaint discovery did occur, no discovery has occurred subsequent to the filing of the Complaint.  As "it is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery,'" this Court must provide the Plaintiff with adequate opportunity to conduct discovery.  *Doe*, 480 F.3d at 256 (quoting *Dowling*, 855 F.2d at 139).

For the foregoing reasons, the Court will postpone the Defendants' motion for summary judgment (Docs. 8, 9) and will alternatively consider the motion as one to dismiss.

**IT IS HEREBY ORDERED** that Plaintiff's motion to postpone Defendants' motion for summary judgment is **GRANTED** (Doc. 13), and the Court will rule on the Defendants' motion (Docs. 8, 9) as a motion to dismiss.

December 3, 2007                             /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                        United States District Judge