# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL PAPPA, | |
| Plaintiffs, | NO. 3:07-CV-0708 |
| v. | (JUDGE CAPUTO) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, INTERNATIONAL CLAIMS SPECIALISTS, INC., EXAMINATION MANAGEMENT SERVICES, INC., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff's motion to amend (Doc. 31) the Court's March 18, 2008 Memorandum and Order (Doc. 30) to permit an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Because the March 18, 2008 decision does not involve a "controlling question of law as to which there is substantial ground for difference of opinion," Plaintiff's motion will be denied.

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 ("diversity").

## BACKGROUND

A detailed analysis of the factual background involved in this matter is contained within the Court's March 18, 2008 Memorandum and Order (Doc. 30), and therefore is not required to be repeated in its entirety.  Only the relevant facts will be discussed here.

The Plaintiff filed her original Complaint in the Court of Common Pleas of Lackawanna County.  (Doc. 2 Ex. A.)  Plaintiff's Complaint includes seven (7) counts,

including violations of 18 U.S.C. § 1962(c) and (d), defamation, intentional infliction of emotional distress, and invasion of privacy via intrusion upon seclusion.  Defendants removed the case to the Middle District of Pennsylvania on April 16, 2007 (Doc. 1-1.)  Defendants filed a motions to dismiss, or in the alternative, for summary judgment on May 8, 2007.  (Docs. 8, 9.)  On December 3, 2007, the Court ordered that it would rule on this motion as a motion to dismiss.  (Doc. 29.)  The motion was granted in part and denied in part.  (Doc. 30.)  The Court dismissed the four RICO claims in Counts I through IV, as well as the intentional infliction of emotional distress claim in Count VI.  The two remaining counts are for defamation and intrusion upon seclusion.  Plaintiff filed the present "Motion for Amendment of Court Order so as to Allow Appeal" on March 27, 2008.  (Doc. 31.)  The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district judge may certify an order for immediate appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The decision to certify an order for immediate appeal lies within the sound discretion of the trial court.  *Albert v. Nationwide Mut. Fire Ins. Co.*, No. Civ. A. 3CV991953, 2001 WL 34035135, at * 17 (M.D. Pa. May 22, 2001) (Caputo, J.) (citing *Orson v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994)).  The burden is on the movant to demonstrate that a § 1292(b) appeal is warranted.  *Id.* (citing *Orson*, 867 F. Supp. at

320). The district court should certify an order for immediate appeal only if all three requirements set forth in § 1292(b) are met. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974), *cert. denied*, 419 U.S. 885 (1974); *Orson*, 867 F. Supp. at 321 (citing *Piazza v. Major League Baseball*, 836 F. Supp. 269, 271 (E.D. Pa. 1993)). Furthermore, a court should exercise its discretion mindful of the strong policy against piecemeal appeals. *Link v. Mercedes-Benz of N. Am.*, 550 F.2d 860, 863 (3d Cir. 1977), *cert. denied*, 431 U.S. 933 (1977).

## DISCUSSION

Plaintiff Cheryl Pappa argues that there is a substantial ground for a difference of opinion regarding the application of *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and the plausibility standard to a RICO claim. Plaintiff argues that no appellate court has considered the application of *Twombly* in a RICO motion to dismiss, and that an appeal would permit guidance on this issue. However, for a district court to exercise its discretion in granting an interlocutory appeal, the decision must involve a controlling question of law as to which there is substantial ground for difference of opinion which will materially advance the ultimate termination of the litigation. The fact that the Third Circuit Court of Appeals has yet to address whether *Twombly* applies to federal RICO claims is far different from demonstrating that grounds for a substantial difference of opinion exist regarding whether *Twombly* applies.

Contrary to Plaintiff's assertion, the Seventh Circuit Court of Appeals in *Limestone Devel. Corp. v. Village of Lemont*, 520 F.3d 797 (7th Cir. 2008) considered the application

of *Twombly* to a civil RICO pleading, and noted that the concerns regarding specificity in a complaint in an antitrust case also exist in a RICO case. *Id.* Similarly, Judge McVerry of the Western District of Pennsylvania also applied the *Twombly* "plausibility" test to a civil RICO claim in a request for appointment of counsel. *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, No. 2:08-CV-365, 2008 WL 1757935 (W.D. Pa. Apr. 8, 2008). Although the Third Circuit Court of Appeals has yet to address the issue, the law as to the application of *Twombly* to RICO claims is consistent, rather than the "substantial difference of opinion" required for an interlocutory appeal.

In describing the substantial ground for a difference of opinion for purposes of § 1292(b), Plaintiff cites *Weiss v. First Unum Life Ins. Co., et al.*, 482 F.3d 254 (3d Cir. 2007) and *In re UnumProvident Corp.*, 245 F.R.D. 317 (E.D. Tenn. 2007). However, the cases Plaintiff cites are not in conflict with the case at hand.

In the Court's previous Order of March 18, 2008 (Doc. 30), the Court found that the Plaintiff failed to properly allege a "pattern of racketeering" as required by RICO. Specifically, the Court held that the predicate acts were neither "related" nor "continuous" as required under RICO. The two cases cited by Plaintiff are inapplicable to this legal question. First, *Weiss* did not consider the issue of a "pattern of racketeering." Rather, the Third Circuit Court of Appeals in *Weiss* considered with McCarran-Ferguson Act preemption applied to a federal RICO claim. *Weiss*, 482 F.3d at 256. At no time did the court explore the law regarding a "pattern of racketeering" in the RICO context. Similarly, *In re UnumProvident* is irrelevant to the legal issue regarding a "pattern of racketeering." *In re UnumProvident* considered class certification of potential claims under the

4

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. *In re UnumProvident*, 245 F.R.D. at 319-20.  The *In re UnumProvident* case did not involve a RICO claim, much less a question of law regarding the legal standard for a "pattern of racketeering."  The fact that the same or similar defendants were involved in other litigation does not create a controlling question of law.  The relevant issue is whether the Complaint in the present case alleged a "pattern of racketeering" activity that was both "continuous" and "related."  The fact that another district court certified a class action against Defendant UnumProvident is irrelevant to this case.

  The RICO claims in this case were dismissed because Plaintiff failed to properly allege a "related" and "continuous" "pattern of racketeering" activity.  There is no substantial ground for difference of opinion involving a controlling question of law regarding a "pattern of racketeering" activity.  Rather, the definition of relatedness and continuousness is clear.  *See, e.g. H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989)*; Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991)*.*

  As the Court has determined that there is no substantial ground for difference of opinion involving a controlling question of law regarding the application of *Twombly* to RICO claims nor the requirements for pleading a "pattern of racketeering" activity, I need not determine whether the interlocutory appeal would materially advance the ultimate termination of the litigation.

## CONCLUSION

  For the foregoing reasons, the Court will deny Plaintiff's motion to amend (Doc. 30)

the March 18, 2008 Memorandum and Order. (Doc. 31).

    An appropriate Order follows.


| May 12, 2008 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL PAPPA, | |
| Plaintiff, | NO. 3:07-CV-0708 |
| v. | (JUDGE CAPUTO) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, INTERNATIONAL CLAIMS SPECIALISTS, INC., EXAMINATION MANAGEMENT SERVICES, INC., | |
| Defendants. | |

## ORDER

**NOW**, this  12th  day of May, 2008, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend (Doc. 31) the Court's March 18, 2008 Memorandum and Order to permit an interlocutory appeal is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge